[Civ. No. 20775. First Dist., Div. Two. Oct. 1, 1962.]

ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY et al., Petitioners, v. THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent; WILLIE EARL GUNN, Real Party in Interest.

Robert W. Walker, J. H. Cummins, Matthew H. Witteman, Mirko A. Milicevich and Henry M. Moffat for Petitioners.

No appearance for Respondent.

John J. Fox for Real Party in Interest.

AGEE, J.—Petitioners seek a writ of prohibition to prevent the respondent court above-named from giving effect to an

order made pursuant to a motion made under sections 2030 and 2031 of the Code of Civil Procedure.

This is an action for damages for personal injuries, and arises out of an auto-train collision occurring on August 6, 1960. Plaintiff in the action is the real party in interest herein, and petitioners are defendants Santa Fe, which is a corporation, and Disney, the engineer of the train. The action was filed on August 2, 1961.

On March 20, 1962, plaintiff served upon defendants a set of interrogatories pursuant to section 2030 of the Code of Civil Procedure. On April 4, 1962, Santa Fe filed its answers and objections thereto, objecting only to interrogatories numbered 8g, 10g, 23, 24 and 25. On April 10, 1962, Disney filed his answers and objections, objecting only to interrogatories numbered 10g, 23, 24 and 25.

On April 18, 1962, plaintiff served and filed a motion to compel answers to these unanswered interrogatories. He also included therein a motion under section 2031 of the Code of Civil Procedure for an inspection of any data relating to the subject matter of the interrogatories.

Pursuant to such motion, the respondent court ordered defendants to answer the interrogatories in question and to produce "those documents and writings which will produce the answers to the above-requested interrogatories."

The answers made by defendants to other interrogatories disclosed that between August 9, 1960, and August 16, 1960, one K. E. Sale, 44 Fourth Street, San Francisco, California, Sutter 1-7600, extension 268, had interviewed Disney and three other named persons, all of whom were employees of Santa Fe, and had obtained oral statements from them regarding the accident and that Mirko A. Milicevich (one of the attorneys of record for defendants Santa Fe and Disney) was "aware of the contents of said statements."

The record shows that Sale is a claims adjuster employed by Santa Fe and that he acted herein for Santa Fe as such employee; that Disney and two of the other witnesses were members of the train crew and the remaining witness was a yard clerk working near the scene of the accident. The names, addresses and telephone numbers of all four employee-witnesses were given in the answers of defendants.

Interrogatories 8g and 10g are identical in wording and in their application herein. Each requests "[T]he substance of each oral statement." So far as pertinent herein, this refers

to the oral statements of Disney and the other three employees given to Sale and communicated to Milicevich. Any technical objection that this calls for production and inspection of whatever written summary or report was made by Sale of his interviews is resolved by the motion later made which, as stated above, was based upon section 2031 as well as section 2030 of the Code of Civil Procedure.

Interrogatories 23, 24 and 25 refer to pictures and will be discussed separately.

Santa Fe responded to 8g and 10g by objecting thereto "upon the ground that all of the above mentioned statements were taken from employees solely for the purpose of defending this action." Disney responded that he had not taken any statements from anyone, and he also made the same objection as that made by Santa Fe.

Plaintiff then made the motion referred to above and stated therein: "Said motion will be made upon the grounds that the answers to the interrogatories requested [8g, 10g, 23, 24 and 25] are not privileged but in fact are permitted under C.C.P. 2016, C.C.P. 2030 and C.C.P. 2031." This is the only ground stated in the motion.

The major portion of defendants' memorandum to the trial court is devoted to the question of privilege. Plaintiff's reply memorandum to the trial court is likewise directed almost entirely to this point. In our opinion, the record clearly shows that the issue of privilege was before the trial court for its determination. Nowhere does the record show that the objection and response made to 8g and 10g were not understood by both sides to be based upon the ground of privilege. Everything in the record is contrary to plaintiff's statement to us that "Petitioners are raising the issue of privilege for the first time on appeal."

The petition herein alleges and plaintiff's answer thereto does not deny the following: "[T]hey constitute, as to Santa Fe, oral statements taken from its own employees for the dominant purpose of protecting it in the event of litigation arising from the collision, and as to Disney, his oral statement about the accident, now in the possession of attorneys representing him in the action."

The record shows without contradiction that the oral statements made to Sale by defendant Disney and the other three employees were taken for the sole purpose of defending against

any claim against Santa Fe arising out of the accident in question, and that Sale's report of such interviews was forwarded to one of the attorneys for Santa Fe to be used for that purpose.

· Under the undisputed facts, as stated hereinabove, the trial court was in error as a matter of law in ordering defendants to disclose the contents of the oral statements or to produce the summary thereof made by Sale. (*Gene Compton's Corp.* v. *Superior Court,* 205 Cal.App.2d 365 [23 Cal.Rptr. 250], July 2, 1962.) ·

In the *Compton* case, plaintiff had fallen on a stairway in a restaurant operated by defendant corporation. This occurred on November 18, 1960, at 9:15 o'clock p. m. The next day the manager employed by defendant filled out an accident report which was forwarded to the defendant's insurance carrier. On December 2, 1960, an adjuster for the insurance carrier took signed statements from the manager and another employee as to what they knew regarding the accident. Plaintiff filed an action some months later, and on August 17, 1961, defendant was served with summons and complaint. On August 23, 1961, the suit papers and statements referred to were sent to an attorney who had been selected by the insurance carrier. On August 24, 1961, this attorney accepted employment to defend the action. Plaintiff filed interrogatories under section 2030 of the Code of Civil Procedure. This resulted in an order being made that defendant provide plaintiff with the manager's "First Report of Accident" and the later statements signed by the manager and the other employee. After this order was made, plaintiff moved under section 2031 of the Code of Civil Procedure for an order to inspect these three statements. The parties agreed that the earlier order could be treated as having been made pursuant to section 2031. The appellate opinion notes that, instead of to the employer, the accident report was made to the insurance carrier and the statements were made to the insurance adjuster and this was "all some eight or nine months before litigation commenced and before the selection of an attorney to represent petitioner [defendant]." (P. 370.)

Justice Bray, who wrote the opinion, then states: "These facts squarely present the question: Are the report of the insured's manager and his statement and that of another employee concerning an accident on the insured's premises prepared for submission and submitted to the insurance carrier

for transfer to an attorney to be appointed by the carrier to represent the insured in the event of litigation, privileged? It is conceded that the material demanded is discoverable, unless only it is protected by the privilege rule.'' (P. 370.)

The court's question was answered by it in the affirmative and it was ordered that the trial court be prohibited "from giving effect to its order requiring petitioner to provide plaintiff with the report and statements herein described.''

The *Compton* opinion makes a thorough analysis of the authorities on the point in question, particularly *Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266]. It would serve no useful purpose to repeat that analysis herein.

 *Still or moving pictures.* Interrogatories 23, 24 and 25 are directed to any pictures taken of plaintiff since the happening of the accident. Defendants objected upon the ground that the sole purpose of these interrogatories is to uncover defendants' impeaching evidence. The order requires the defendants to answer these questions and, in effect, produce any such pictures in their possession or under their control. This is a matter of discretion with the trial court, under the record as presented herein, and there is no showing of any abuse of that discretion. (*Suezaki* v. *Superior Court*, 58 Cal. 2d 166 [23 Cal.Rptr. 368, 373 P.2d 432], decided July 19, 1962.)

The record shows that this matter was briefed and orally argued before submission to the trial court and its order recites that good cause appeared for such order. The trial judge undoubtedly concluded that plaintiff had shown a need for such pictures in order to protect against surprise and also to prepare examination of the person who took the pictures. (See *Suezaki* v. *Superior Court, supra,* p. 172.)

If defendants' answers admit to the existence of any such pictures, the trial court will probably find it necessary to make a more detailed order covering the time, place, extent and manner of inspection. (Code Civ. Proc., § 2031.) The wording of the present order has already been quoted above.

 It is ordered that a peremptory writ issue prohibiting respondent court from giving effect to that portion of its order requiring petitioners to disclose the contents of the oral statements in question or to produce the summary or report thereof. The order in all other respects is approved and the

alternative writ of prohibition heretofore issued herein is discharged.

The parties shall each bear their own respective costs in this proceeding.

Kaufman, P. J., and Shoemaker, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied November 28, 1962.